**Frederick ROTH, Petitioner,**

v.

**Michael P. HUERTA, Administrator and Federal Aviation Administration, Respondents.**

No. 14–1060.

United States Court of Appeals, District of Columbia Circuit.

Jan. 13, 2015.

Joseph Michael Lamonaca, Joseph Michael Lamonaca, Attorney at Law P.C., Media, PA, for Petitioner.

Amanda Kate Bruchs, Federal Aviation Administration, Washington, DC, for Respondents.

Before: BROWN and SRINIVASAN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from the order of the National Transportation Safety Board (NTSB) was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the NTSB be affirmed.

Frederick Roth petitions for review of an NTSB decision affirming the Federal Aviation Administration's (FAA) rejection of his application for an unrestricted airman medical certificate. The NTSB found that Roth had a medical history of psychosis, which the regulations specify as a disqualification for holding such a certificate. 14 C.F.R. § 67.107(a)(2). We find that the NTSB's decision was supported by substantial evidence and deny the petition. See 5 U.S.C. § 706(2)(E).

Roth's petition hinges on testimony of a physician reversing his own earlier diagnosis that Roth suffered from psychosis. However, circumstances surrounding this reversal gave the ALJ and, ultimately, the NTSB good reason to accord it little weight—particularly the fact that (apparently by Roth's design) this physician did not have access to Roth's full medical history at the time he reversed his diagnosis, and thus was not aware that other physicians had also diagnosed and treated him for psychosis. The NTSB also reasonably relied on the substantial expert testimony and medical records not linked to this physician which also indicated that Roth had, indeed, suffered from psychosis.

Roth also contends that the ALJ erred by allowing the FAA to add his history of major recurrent depression as a separate basis for denial. But we need not decide whether this was error as Roth suffered no prejudice as a result. See *Steenholdt v. FAA*, 314 F.3d 633, 640 (D.C.Cir.2003). He had adequate time to respond to the change before the hearing and did, in fact, introduce evidence in response to the change.

Finally, Roth argues that the ALJ erred by continuing the hearing for several months, but his counsel conceded at oral argument that this issue had been waived.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en*

*banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.